56

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THOMAS GILLONS,**<br><br>**Defendant.** | **Civil Action No: 14-cv-9262**<br><br>**Hon. Harry D. Leinenweber** |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION**
**AGAINST DEFENDANT THOMAS GILLONS**

On November 19, 2014, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") (Docket No. 1) against defendant Thomas Gillons ("Gillons") seeking injunctive and other equitable relief for violations of anti-fraud and registration provisions of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6b(a)(1)(A)-(C) and 6d(a)(1) (2012). The same day, after conducting an *ex parte* hearing, the Court entered a Statutory Restraining Order against Gillons (Docket No. 17). The Statutory Restraining Order freezes Gillons' assets, prohibits him from destroying his books and records or denying the Commission access to his books and records, and provides for other relief.

Gillons, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order for Preliminary Injunction Against Defendant Thomas Gillons ("Consent Order"), except as to jurisdiction and venue, which he admits, hereby consents to the entry of this Consent Order. Gillons further states that his consent is entered into voluntarily and that no

promise or threat has been made by the Commission or any member, officer, agent, or representative thereof to induce him to consent to this Consent Order.

**THE PARTIES AGREE AND THE COURT FINDS:**

1. This Court has jurisdiction over Gillons and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes this Court to enter a temporary injunction against Gillons.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. Gillons waives the entry of findings of facts and conclusions of law for purposes of this Consent Order pursuant to Federal Rule of Civil Procedure 52(a)(2).

## I. DEFINITIONS

For the purposes of this Consent Order, the following definitions apply:

4. "Assets" means any legal or equitable interest in, right to, or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, securities, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

5. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated through detection devices into reasonably

usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6. "Gillons" refers to defendant Thomas Gillons ("Gillons") and all persons insofar as they are acting in the capacity of Gillons' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Gillons who receive actual notice of this Consent Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

## II. INJUNCTION

7. Pending further order of the Court, Gillons is restrained and enjoined from:

A. directly or indirectly (A) cheating or defrauding or attempting to cheat or defraud any other person; (B) willfully making or causing to be made to any other person any false report or statement, or willfully entering or causing to be entered for any other person any false record; or (C) willfully deceiving or attempting to deceive any other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for such other person, in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person, or otherwise violating Section 4b(a)(1)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(1)(A)-(C) (2012); and

B. acting as a futures commission merchant ("FCM") without being registered as an FCM with the Commission, or otherwise violating Section 4d(a)(1) of the Act, 7 U.S.C. § 6d(a)(1) (2012).

8. Pending further order of the Court, Gillons is restrained and enjoined from:

A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a (40) (2012);

B. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2014)) ("commodity options"), security futures products, swaps (as that term is defined in Section 1a(47) of the Act, 7 U.S.C. §1a(47) (2012), and further defined by Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx) (2014), and/or foreign currency (as

described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) (2012) ("forex contracts"), for any personal or proprietary account or for any account in which he has a direct or indirect interest;

C. having any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts traded on his behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

E. soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and

G. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## III. ASSET FREEZE

9. Gillons is restrained and enjoined from directly or indirectly withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, leasing, loaning, encumbering, disbursing, converting, selling, liquidating, alienating, or otherwise disposing of any funds, assets, or other property, wherever located, including funds, assets, or other property held outside the United States, except as ordered by the Court. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Consent Order, as well as accounts not specifically identified below.

10. Pending further order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of any funds, assets, or other property of Gillons, or has held, controlled, or maintained custody of any funds, assets, or other property of Gillons or any of his customers and who receives notice of this Consent Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A. prohibit Gillons and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assets, except as directed by further order of the Court;

B. deny Gillons and any other person access to any safe deposit box that is:

1. titled in the name of or maintained by Gillons, whether individually, jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of Gillons; or

2. otherwise subject to the control of or access by Gillons; and

C. cooperate with all reasonable requests of the Commission relating to implementation of this Consent Order, including producing records related to Gillons' accounts and trading activities.

11. Pending further order of the Court, any bank, financial or brokerage institution, FCM, forex dealer, entity, or person that holds, controls, or maintains custody of (or has held, controlled, or maintained custody of) any account or asset titled in the name of Gillons, either individually, jointly, or in any other capacity, or that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Gillons, and who receives notice of this Consent Order by any means, including email, facsimile, United Parcel Service, or Federal Express, shall:

A. provide counsel for the Commission, within 5 business days of receiving a copy of this Consent Order, a statement setting forth:

1. the identification number of each such account, or the name and description of each such asset;

2. the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Consent Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3. the identification of any safe deposit box that is titled in the name of Gillons, either individually, jointly, or in any other capacity, or that is otherwise subject to the control of or access by Gillons or any other person on behalf of Gillons; and

B. upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## IV. ACCOUNTING

12. Gillons shall prepare, sign, and file with the Court, within 15 days of the date of entry of this Consent Order, a complete and accurate accounting of all of his assets and liabilities, together with all funds he received from and paid to customers and other persons in connection with commodity futures transactions, or purported commodity futures transactions, including the names, mailing addresses, email addresses, and telephone numbers of any such persons from whom he received such funds, and all disbursements for any purpose whatsoever of funds received from customers, including salaries, commissions, fees, loans, and other disbursements of money or property of any kind.

13. Gillons shall immediately identify to the Commission and provide an accounting for all assets and property that he currently maintains outside the United States, including, but not limited to, all funds on deposit in any financial institution, FCM, bank, or savings and loan account held by, under the actual or constructive control of, or in the name of Gillons, whether

jointly or otherwise, and requiring him to repatriate all funds held in such accounts by paying them to the Registry of the Court, or as otherwise ordered by the Court, for further disposition in this case.

14. Gillons shall produce to the Commission, within 15 days of the date of entry of this Consent Order, all books, records, and other documents supporting or underlying the accountings referenced in paragraphs 12 and 13 of this Consent Order.

## V. PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

15. Gillons and all persons or entities who receive notice of this Consent Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business operations or practices, or the business or personal finances, of Gillons.

## VI. ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

16. Gillons must immediately allow representatives of the Commission to inspect the books, records, and other documents of Gillons and his agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Gillons or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

## VII. STAY

17. Pending further order of the Court, Gillons is stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, or in the name of Gillons, including, but not limited to, the following actions:

A. commencing, prosecuting, litigating, or enforcing any suit (except that actions may be filed to toll any applicable statute of limitations);

B. accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, taking or attempting to take possession of, or retaining possession of property of Gillons or any property claimed by Gillons, or attempting to foreclose, forfeit, alter, or terminate any of Gillons's interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. using self-help or executing, issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding, taking possession of, interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Gillons; and

D. doing any act or thing to interfere with the exclusive jurisdiction of this Court over funds, assets, or other property of Gillons.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## VIII. SERVICE

18. Copies of this Consent Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Gillons or that may be subject to any provision of this Consent Order. Melissa Glasbrenner, an employee of the Commission, is hereby specially appointed to serve process, including of this Consent Order and all other papers in this case.

## IX. BOND NOT REQUIRED OF PLAINTIFF

19. Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), no bond need be posted by the Commission, which is an agency of the United States of America.

## X. SERVICE ON THE COMMISSION

20. Gillons shall serve all pleadings, correspondence, notices required by this Consent Order, and other materials on the Commission by delivering a copy to Stephanie Reinhart, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, Illinois, 60661 and/or by filing such pleadings or other materials electronically with the Court.

## XI. STATUTORY RESTRAINING ORDER SUPERSEDED

21. This Consent Order supersedes the Statutory Restraining Order entered by the Court on November 19, 2014 (Docket No. 17).

## XII. COURT MAINTAINS JURISDICTION

22. This Consent Order shall remain in full force and effect until further order of this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

IT IS SO ORDERED.

DONE, this the 9th day of Dec., 2014.

______________________________
**U.S. District Court Judge**

Consented to and approved by:

Thomas Gillons, individually

Daniel Collins (IL ARDC No. 6224698)
Counsel for Thomas Gillons
Drinker Biddle & Reath LLP
191 N. Wacker Dr., Suite 3700
Chicago, IL 60606
(312) 569-1358 (phone)
(312) 569-3358 (facsimile)
Daniel.Collins@dbr.com

Dated December 8, 2014

Stephanie Reinhart (IL ARDC No. 6287179)
Counsel for Plaintiff
U.S. Commodity Futures Trading Commission
525 W. Monroe St., Suite 1100
Chicago, Illinois 60661
(312) 596-0688 (phone)
(312) 596-0714 (facsimile)
sreinhart@cftc.gov

Dated December 8, 2014